After reviewing the record, I believe that the trial court's judgment is not supported by the evidence. The evidence of abuse recounted by the mother, the school counselor, and the children, and the father's conviction for violent behavior support a change of custody to the mother. The children described both verbal and physical abuse against themselves and the father's current wife. I note that the trial court was concerned about the father's temperament. At the conclusion of the hearing, the trial court suggested that the father seek anger-management and parenting *Page 1234 
counseling and made the following observations regarding the father:
 "Based on some of the other testimony it appears you may have trouble controlling your anger. And based on your own testimony it appears that you aren't willing to accept that and acknowledge it.
 "Further observation is that this anger of yours has pretty much caused an awful lot of trouble in your life. Probably caused this lawsuit, probably has caused you to lose at least one job, maybe more, probably has caused you to have at least one court conviction and maybe two. And probably is the source of the fear of your children."
This evidence of abuse, along with the father's move to Indiana, support a finding of a change in circumstances. See §30-3-134, Ala. Code 1975 (providing that "a finding that domestic or family violence has occurred since the last custody determination constitutes a finding of change in circumstances"), and Ex parte Murphy, 670 So.2d 51 (Ala. 1995) (a custodial parent's change in residence is a factor for the trial court to consider in deciding whether custody should be modified).
The mother, who by her own admission had had trouble in the past, sought therapy and now has her life on track and is able to provide a stable environment for the parties' children. In my opinion, the evidence in the record supports a change in custody. Accordingly, I must dissent.
MURDOCK, J., concurs.